Filed 10/3/24  Wendy M. v. Abernathy CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| WENDY M., | |
| Plaintiff and Respondent, | E082628 |
| v. | (Super.Ct.No. CIVSB2324921) |
| MARIO DAVID ABERNATHY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph T. Ortiz, Judge.  Affirmed.

Mario David Abernathy, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Mario David Abernathy appeals from a three-year civil harassment restraining order entered against him.  (Code Civ. Proc., § 527.6; unlabeled statutory references are to this code.)  We affirm.

1

BACKGROUND

In October 2023, Wendy M. applied for a civil harassment restraining order against Abernathy. She sought protection of herself and her husband, Nicholas M. Wendy managed Vineyard Park Maintenance Corporation, where Abernathy leased one of the units. In support of her application, Wendy attested that from May 2023 through October 2023, Abernathy called her and sent her "many emails" from various accounts, complaining about the homeowners association. Abernathy also showed up at Wendy's residence unannounced and uninvited and sent "unknown individuals to [her] house." Wendy did not give her address to Abernathy and did not know how he obtained it. In September, Wendy called the police to report that Abernathy visited her home. In addition, Abernathy filed lawsuits against Wendy, her business, and Nicholas. Wendy feared that Abernathy was "keeping track of [her] whereabouts and stalking" her. Wendy sold her house "due to [her] fear for safety from [Abernathy's] constant refusal to stop communicating with [her]."

Three days after Wendy filed her request, Abernathy filed a response. Abernathy's response included his own declaration and nearly 100 pages of exhibits.

A hearing on the application was held on October 13, 2023. Both Wendy and Abernathy attended the hearing. The record on appeal does not include a reporter's transcript of the hearing. In his opening brief, Abernathy asserts that witnesses testified at the hearing. After the hearing, the court granted Wendy's request for a civil harassment restraining order and ordered Abernathy to stay at least 100 yards away from

2

Wendy, Nicholas, and Wendy's residence and vehicle for three years, until October 13, 2026.

Abernathy filed a request for a statement of decision on October 25, 2023. According to the superior court's register of actions, the document was returned to Abernathy because the court denied the request.

DISCUSSION

Abernathy challenges the sufficiency of the evidence supporting the civil harassment restraining order. He also makes numerous arguments about alleged procedural violations. His arguments lack merit.

Section 527.6 provides that a trial court must issue a restraining order if the court finds by clear and convincing evidence that the requesting party has suffered harassment. (*Id.*, subds. (a), (i).) We review for substantial evidence the trial court's express and implied factual findings in granting a civil harassment restraining order. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.)

We presume that appealed orders are correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant bears the burden of affirmatively demonstrating error and providing an adequate record on appeal. (*Jameson*, at p. 609.) "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); all further rule references are to these rules.)

3

All of those principles apply with equal force to self-represented litigants. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

The trial court issued the civil harassment restraining order after an evidentiary hearing at which both parties were present and witnesses testified. (See Evid. Code, § 140 ["'Evidence' means testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact"].) Abernathy has failed to provide a transcript of that hearing in the record on appeal. Because the record does not include all of the evidence before the trial court when it granted the restraining order, we cannot review the sufficiency of the evidence supporting that order. (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924 ["sufficiency of the evidence is not open to review" when an appellant proceeds on appeal without the reporter's transcript].) Rather, we must presume that the trial court's order is supported by substantial evidence "unless reversible error appears on the record." (*Ibid.*) Abernathy's challenge to the sufficiency of the evidence supporting the order accordingly fails.

Abernathy also challenges several rulings that the trial court made during the hearing. For similar reasons, we cannot analyze the propriety of the trial court's rulings at the hearing without a transcript of that hearing. The arguments are consequently forfeited. (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

Abernathy's remaining arguments fare no better. Abernathy does not support any of the arguments with citation to the record, so they are forfeited. (*Hernandez v. First*

*Student, Inc.* (2019) 37 Cal.App.5th 270, 279 (*Hernandez*).)  The arguments fail for additional reasons as well.

First, Abernathy argues that he was not given proper notice of the hearing. Abernathy filed a response to Wendy's application for the restraining order and also appeared at the hearing.  His argument therefore fails because "one who has been notified to attend a certain proceeding and does do so, cannot be heard to complain of alleged insufficiency of the notice; it has in such instance served its purpose."  (*De Luca v. Board of Supervisors* (1955) 134 Cal.App.2d 606, 609.)  The rule also applies "to one who responds to a notice of motion without adequate notice."  (*Ibid.*)

Second, Abernathy argues that the trial court abused its discretion by not including in the record on appeal a motion to set aside and vacate the restraining order, which he filed on November 22, 2023, one week after he filed his notice of appeal.  In the notice of appeal, Abernathy indicated that he was appealing from a judgment or order entered on October 13, 2023.  A deputy clerk at the superior court attested that the motion to vacate was not included in the record on appeal because it was filed after the notice of appeal and also because a hearing on the motion was scheduled to take place after the clerk's transcript was prepared.

Assuming for the sake of argument that the trial court erred by not including a copy of a motion that had not yet been decided in the clerk's transcript, Abernathy fails to carry his burden on appeal of demonstrating how such an error prejudiced him. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)  The motion and any evidence he filed in support of it were not before the trial court when it issued the restraining order.  We accordingly

5

would not consider that motion or any accompanying evidence in analyzing the propriety of granting the restraining order, even if the motion had been included in the record on appeal. (*Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 716-717.)

Third, Abernathy makes several arguments challenging the process of the trial court's issuance of the restraining order. In particular, he contends that the trial court erred by issuing the order without giving the parties an opportunity to object under rule 3.1312. The argument fails because rule 3.1312 applies to noticed motions and does not apply to the trial court's issuance of a restraining order. (Rule 3.1312(a).) Abernathy also argues that it was error to issue the restraining order before the proof of service for the application for the civil harassment restraining order was filed. The argument is forfeited because it is not supported by any legal analysis or citation to legal authority. (*Hernandez*, *supra*, 37 Cal.App.5th at p. 279.) In addition, Abernathy argues that the alleged error violated his right to procedural due process but does not argue that it is reasonably probable that he would have obtained a more favorable result in the absence of the putative error. He accordingly has not carried his burden on appeal of demonstrating prejudice. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

Fourth and finally, Abernathy contends that the trial court abused its discretion by denying his request for a statement of decision. The argument is forfeited because it is not supported by any legal analysis or legal authority. (*Hernandez*, *supra*, 37 Cal.App.5th at p. 279.) In particular, Abernathy cites no authority for the proposition that the statutes and rules concerning statements of decision apply to requests for civil harassment restraining orders. (§ 632 [statement of decision]; rule 3.1590(d) [request for

6

statement of decision].)  And assuming for the sake of argument that such provisions apply, the trial court did not err, because Abernathy's request was filed 12 days after the trial court issued the order, and not prior to submission, as required under the circumstances.  (§ 632.)

## DISPOSITION

The order is affirmed.  Respondent shall recover her costs of appeal, if any.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____
J.

We concur:

FIELDS _____
Acting P. J.

RAPHAEL _____
J.

7